No. 26,029.

THE STATE OF KANSAS, *Appellee,* v. O. W. HARRISON, *Appellant.*

SYLLABUS BY THE COURT.

RAPE—*Female Under Age of Consent—Prosecution in General.* Various errors urged against a conviction and judgment for the crime of statutory rape considered and not sustained; and the judgment affirmed.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed May 9, 1925. Affirmed.

*James Lawrence,* of Wellington, and *H. S. Hines,* of Arkansas City, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Bert E. Church,* county attorney, for the appellee; *E. J. Taggart,* of Wellington, of counsel.

The opinion of the court was delivered by

DAWSON, J.: Defendant was convicted of statutory rape. He contends that there was no proof of "actual penetration." His victim did not use those words in her testimony, but she narrated the facts of the offense in the language of a sixteen-year-old girl, such as she was, and two doctors who examined her the day after the crime transpired gave testimony strongly corroborative thereof. The evidence was sufficient to require its submission to a jury.

Error is assigned in the admission of evidence concerning a handkerchief which figured incidentally in the rape. It is argued that the testimony of the girl and her brother concerning the handkerchief was contradictory. Such contradiction did not render the testimony inadmissible. It merely presented a minor matter of fact for the jury to consider, to give significance to, or to reject altogether, as they thought proper.

Error is assigned in admitting the testimony of Mrs. Cooper. When the girl reached home after she was ravished and found her mother absent, she told her brother what had happened. Naturally

The State v. Harrison.

enough it occurred to the brother that maternal comfort was what the girl needed, so he told her she would better go to their neighbor, Mrs. Cooper. These incidents following in quick and natural sequence may fairly be characterized as part of the *res gestae;* furthermore, the printed record does not show any admitted testimony of Mrs. Cooper to which defendant made objection.

Another error urged relates to the overruling of defendant's motion for a continuance. This point has been examined, but it has no merit and is too trivial for discussion.

The final point presented is unique. Defendant's brief reads:

"Counsel for appellant challenges the record and contends that there is not one scintilla of evidence or a single intimation in the evidence, neither by question or answer or by any voluntary statement on the part of the prosecutrix, that she was [not] the lawful wife of the defendant."

The evidence showed these facts: The defendant and his victim were strangers. She was walking on a public highway. He invited her to ride in his automobile. She got in; he turned off the main road; he ravished her, and then carried her in his car to within sight of her home. She immediately complained to her brother and to a neighbor that she had been assaulted by a traveling salesman. Later the same day, when arrested for the crime in Wichita, defendant, who was the traveling representative of a Kansas City stove company, had a conversation with a police officer in which he admitted he had given the girl a ride in his car. The officer said he ought to know better than to pick up a young girl, and defendant said she didn't look like a young girl to him. The evidence inherent in all these circumstances was quite sufficient to prove that the prosecuting witness was not the defendant's wife.

The record contains no error, and the judgment is affirmed.